United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kyle Eggnatz, Plaintiff,<br><br>v.<br><br>Coventbridge (USA) Inc. d/b/a<br>Coventbridge Group, and others,<br>Defendants. | Civil Action No. 18-61250-Civ-Scola |

### Order on Motion for Conditional Certification

This matter is before the Court on Plaintiff Kyle Eggnatz's Motion to conditionally certify a collective action under 29 U.S.C. § 216(b) and facilitate notice to those class members (ECF No. 20). Upon review of the record, the parties' briefs, and the relevant legal authorities, Eggnatz's motion is **denied** (**ECF No. 20**).

**1. Background**

Plaintiff Kyle Eggnatz brings this action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, against Defendants Coventbridge, David Merrill, and Jim Francis, for Coventbridge's alleged failure to pay overtime wages. (Compl. at ¶ 15, ECF No. 1.) The Plaintiff worked as a "field investigator" for Coventbridge from July 24, 2017 to February 23, 2018. (*Id.* at ¶ 60.)

The Plaintiff now moves to conditionally certify a collective action defined as "all Field Investigators in the Florida region that worked for Defendants at any time between June 5, 2015 and the present." (Motion to Certify at 1, ECF No. 20.) The Plaintiff has submitted the declarations of John Gaston, Carlos Rodgers, and Shawn Gaffney in support of his motion (ECF Nos. 20-4, 20-5, 20-6.) These individuals have also filed consents to join the lawsuit if it is conditionally certified. (ECF Nos. 21-23.)

In response, Defendants argue that conditional certification is improper because: 1) the declarations of the opt-in plaintiffs are conclusory and boiler-plate and contain no factual details to support the allegations; 2) Plaintiff is not similarly situated to the proposed class; 3) Plaintiff cannot establish other employees who wish to opt in; and 4) Coventbridge has a written policy providing for overtime pay. (Response at 17-18, ECF No. 28.) For the reasons described below, the Court denies the Plaintiff's motion.

### 2. Legal Standard

The FLSA permits an action to be brought for unpaid minimum wages, or unpaid overtime compensation (and an additional equal amount as liquidated damages) "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). This is known as a collective action under the FLSA. The Eleventh Circuit has endorsed a two-stage procedure to determine whether it is appropriate to maintain an FLSA case as a collective action. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216-19 (11th Cir. 2001). At the notice stage, also known as the conditional certification stage, a district court determines whether similarly situated employees should be notified. *Morgan*, 551 F.3d at 1260-61. "The second stage is triggered by an employer's motion for decertification." *Morgan*, 551 F.3d at 1261 (citing *Anderson v. Cagle's*, 488 F.3d 945, 953 (11th Cir. 2007)).

"[B]efore facilitating notice, a district court should satisfy itself that there are other employees . . . who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Morgan*, 551 F.3d at 1269 (citing *Dybach v. State of Florida Dep't of Corrections*, 942 F.2d 1562, 1567 (11th Cir. 1991); *see also Bennett v. Hayes Robertson Group, Inc.*, 880 F.Supp.2d 1270 (S.D. Fla. 2012) (King, J.) (internal quotations and citations omitted) (a court "may grant conditional certification if a plaintiff demonstrates a reasonable basis to believe that: (1) there are other employees of the Defendant who desire to opt-in and (2) that these other employees are 'similarly situated' with respect to their job requirements and with regard to their pay provisions"). The requirement that members of the collective action be similarly situated is a flexible one and is different from that required under Federal Rules of Civil Procedure 20 (joinder), 23 (class actions), and 42 (severance). *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996); *Morgan*, 551 F.3d at 1260-61. The plaintiff "has the burden of showing a 'reasonable basis' for his claim that there are other similarly situated employees." *Morgan*, 551 F.3d at 1260 (citations omitted).

The Eleventh Circuit has described the standard at the notice stage as "fairly lenient" and "not particularly stringent." *See Morgan*, 551 F.3d at 1260-61 (internal quotations and citations omitted). Thus, the plaintiff's burden may be "'satisfied by substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary.'" *Blake v. Batmasian*, 197 F.Supp.3d 1367, 1371 (S.D. Fla. 2016) (Marra, J.) (quoting *Grayson*, 79 F.3d at 1097). The position that the plaintiff holds must be similar, but need not be identical, to the

positions held by the putative class members. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001) (citations omitted); *Blake*, 197 F.Supp.3d at 1374.

### 3. Analysis

### A. Desire to Opt-In

The Plaintiff must demonstrate that there is a "reasonable basis" to believe that there are other employees who desire to opt-in. *Reyes v. AT&T Corp.*, 801 F. Supp. 2d 1350, 1356 (S.D. Fla. 2011) (Cooke, J.). The Plaintiff "may present evidence of other employees who desire to opt-in via affidavits, consents to join the lawsuit, or expert evidence of the existence of similarly-situated employees." *Palacios v. Boehringer Ingelheim Pharm.*, No. 10-2238, 2011 WL 6794438, at *4 (S.D. Fla. April 19, 2011) (Ungaro, J.).

The Court finds that the Plaintiff easily satisfies this standard. Three Coventbridge employees have already filed consents to join this lawsuit. (ECF Nos. 21, 22, 23.) All three employees state that they consent to join the lawsuit and consent to join any subsequent action to assert these claims against the Defendants if this lawsuit does not proceed collectively. (*See, e.g.*, ECF No. 20-6 at ¶ 11.) "It is therefore clear for the purposes of a conditional certification analysis that a reasonable basis exists to believe there are other employees who desire to opt-in." *Reyes*, 801 F. Supp. 2d at 1356. *See Tyler v. Payless Shoe Source, Inc.*, No. 22:05-CV-33F, 2005 WL 3313763, at *3 (N.D. Ala. Nov. 23, 2005) (finding that three consents to join filed by putative opt-in plaintiffs is sufficient to satisfy this prong).

### B. Similarly Situated Employees

The Plaintiff must also demonstrate that the other employees are "similarly situated" with respect to their job requirements and pay provisions. *Palacios*, 2011 WL 6794438 at *5. The factors to consider in determining whether the putative opt-in plaintiffs are similarly situated include: 1) whether the plaintiffs all held the same job title; 2) whether they worked in the same geographical locations; 3) whether the alleged violations occurred during the same time period; 4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision-maker; and 5) the extent to which the actions which constitute violations claimed by plaintiffs are similar. *Laos v. Grand Prize Motors, Inc.*, No. 11-22973, 2012 WL 718713, at *2 (S.D. Fla. March 6, 2012) (Scola, J.).

Here, the Plaintiff asserts that all three opt-in employees were "field investigators" in Florida within the same time period. (ECF No. 20.) They were all required to work in excess of forty hours per week and were subject to the Defendant's policy that required them to underreport their hours. (*Id.*) In support of these assertions, the Plaintiff submits three affidavits—the affidavit of John Gaston, Carlos Rodgers, and Shawn Gaffney. (ECF Nos. 20-4, 20-5, 20-6.) Each affidavit contains identical language regarding the Defendant's "unlawful employment and pay policies" that required them to "routinely work[] over 40 hours a week." (*See, e.g.,* ECF No. 20-6 at ¶ 3.)

The Defendants argue that the Plaintiff's conclusory assertions are insufficient to show that the opt-in plaintiffs are similarly situated. (Opposition at 6-7, ECF No. 28.) The Court agrees.

The Plaintiff must make "detailed" and "substantial" allegations supported by affidavits. *Palacios,* 2011 WL 6794438 at *5. Here, the three affidavits are *identical.* (*Compare* ECF No. 20-4 *and* ECF No. 20-5 *and* ECF No. 20-6.) The affidavits fail to state each employees' dates of employment, where in Florida each employee worked, and how each employee was impacted by the Defendants' allegedly unlawful practices. The affidavits do not even specify whether the employee is a current or former employee. (*See, e.g.,* ECF No. 20-6) ("I am an employee **currently or formerly** employed . . . .") (emphasis added). These identical declarations fail to "successfully engage" the Defendant's declaration that the opt-in plaintiffs are not similarly situated. *See Holmes v. Diagnostics, Inc.,* No. 11-80567, 2012 WL 12876965, at *3 (S.D. Fla. June 24, 2012) (Williams, J.) (denying motion to certify). As other courts have noted, allowing conditional certification based on "a handful of boilerplate declarations" would "present a ready opportunity for abuse." *Id. See also Palacios,* 2011 WL 6794438 at *5 (declining to certify class based on "three almost identical, cut-and-paste declarations").

### 4. Conclusion

Based on the foregoing, the Court **denies** Plaintiff's Motion for Conditional Certification.

**Done and ordered** at Miami, Florida, on March 13, 2019.

_____
Robert N. Scola, Jr.
United States District Judge