UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO: 18-cv-61250-RNS

KYLE EGGNATZ, and
all others similarly situated under
*29 U.S.C. 216(b)*,

    Plaintiff(s),

v.

COVENTBRIDGE (USA) INC. d/b/a
COVENTBRIDGE GROUP, a foreign
For-profit corporation, DAVID MERRILL,
individually, and JIM FRANCIS, individually,

    Defendants.
_____/

## JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND FOR ORDER OF DISMISSAL WITH PREJUDICE

Come now the Parties, by and through their undersigned counsel, and file their Joint Motion for Court Approval of Settlement Agreement, pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), as follows:

### I.  FACTS

Plaintiff, KYLE EGGNATZ, filed his Complaint and Demand for Jury Trial against Defendants, COVENTBRIDGE (USA) INC. d/b/a COVENTBRIDGE GROUP, DAVID MERRILL, individually, and JIM FRANCIS, individually, on June 5, 2018. *D.E. 1.* Plaintiff's Complaint alleges one (1) count against Defendants for Federal Overtime Wage Violations pursuant to 29 U.S.C. 207. *Id.* On or about August 23, 2018, opt-in Plaintiffs, SHAWN GAFFNEY, JOHN GASTON, and CARLOS RODGERS joined the lawsuit as Plaintiffs. *D.E. 30.* In order to buy their peace and avoid the further expense and uncertainty of litigation, Defendants have negotiated a settlement agreement with Plaintiffs, and the Parties have reached material terms. The Parties have commemorated material terms of their negotiated resolution within a Settlement Agreement, attached hereto. *See Settlement Agreement, attached hereto as Exhibit "A."* ("Settlement Agreement"). Accordingly, the Parties submit the Settlement Agreement for Court review and approval pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350

(11th Cir. 1982), and respectfully request that this Honorable Court approve the terms set forth therein.

## II. MEMORANDUM OF LAW

Unlike many other legal claims, parties may not bargain away the FLSA's protections. *See* Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power, prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damages is called for"). There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. *See, e.g.,* Lynn's Food Stores, Inc., 679 F.2d at 1352. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. *Id.* at 1353. The only other route for compromise of FLSA claims is provided in the context of lawsuits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. *Id.* When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment "after scrutinizing the settlement for fairness." *See, e.g.,* Powell v. Carey Int'l, Inc., 483 F.Supp.2d 1168, 1177 n. 9 (S.D. Fla. 2007) *quoting* Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (Court should determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute). If a settlement in an FLSA dispute reflects a reasonable compromise over disputed issues, such as FLSA coverage or computation of back wages, that are actually in dispute; the district court is permitted to approve the settlement in order to promote the policy of encouraging settlement of litigation. *See, e.g.,* Lynn's Food Stores, Inc., 679 F.2d at 1353.

Here, the Parties respectfully submit that the terms set forth in the Settlement Agreement are a "fair and reasonable resolution" of the FLSA claims alleged by Plaintiff. Strong disagreement exists as to whether Plaintiffs are owed any overtime payment whatsoever. Indeed, Defendants maintain that no overtime whatsoever is owed to these Plaintiffs. In order to buy their peace, and without admitting any liability whatsoever as to the overtime violations, Defendants have agreed to pay Plaintiffs the total sums as follows:

> (a) Plaintiff, EGGNATZ, shall receive payment in the amount of $2,567.50, less legally required withholdings, for which a Form W-2 shall issue;

    (b) Plaintiff, EGGNATZ, shall receive payment in the amount of $2,567.50 as payment for alleged liquidated damages, for which a Form 1099 shall issue;

    (c) Plaintiff, GASTON, shall receive payment in the amount of $4,647.50, less legally required withholdings, for which a Form W-2 shall issue;

    (d) Plaintiff, GASTON, shall receive payment in the amount of $4,647.50, as payment for alleged liquidated damages, for which a Form 1099 shall issue;

    (e) Plaintiff, GAFFNEY, shall receive payment in the amount of $3,120.00, less legally required withholdings, for which a Form W-2 shall issue;

    (f) Plaintiff, GAFFNEY, shall receive payment in the amount of $3,120.00, as payment for alleged liquidated damages, for which a Form 1099 shall issue;

    (g) Plaintiff, RODGERS, shall receive payment in the amount of $2,500, less legally required withholdings, for which a Form W-2 shall issue;

    (h) Plaintiff, RODGERS, shall receive payment in the amount of $2,500, as payment for alleged liquidated damages, for which a Form 1099 shall issue.

*See Exhibit "A."*

Defendants and Plaintiff have separately negotiated attorney's fees[1] and costs as follows:

    (a) One check in the amount of $28,084.37, payable to Jordan Richards PLLC, for Plaintiff's attorney's fees and costs, for which a Form 1099 shall issue;

    (b) One check in the amount of $26,245.63, payable to Eggnatz | Pascucci, for Plaintiff's attorney's fees and costs, for which a Form 1099 shall issue.

*See Exhibit "A."*

---

[1] Plaintiffs' counsel have collectively incurred $149,675.00 in attorney's fees and costs, based on a blended hourly rate of $250 per hour. Therefore, the total negotiated attorney's fees and costs are imminently reasonable and represent a substantial reduction in Plaintiff's counsel's fees in relation to the actual time incurred in this case. Plaintiffs' counsel have maintained contemporaneous time records that are available for the Court's *in camera* inspection should it be requested and/or necessary.

The Parties jointly submit that the settlement agreement attached hereto is a fair and reasonable resolution of the dispute between the Parties, and respectfully request that this Court approve the Settlement and enter a dismissal of this case **with prejudice**.

### III. CONCLUSION

WHEREFORE, for the reasons set forth herein, the Parties respectfully submit that the terms set forth with the Settlement Agreement constitute a fair and reasonable resolution of the FLSA dispute between the parties, and request that this Honorable Court approve the Settlement Agreement attached hereto, enter a dismissal with prejudice, and retain jurisdiction over enforcement of the Settlement Agreement for up to sixty (60) days.

Dated this 11th day of April 2019.

Respectfully Submitted,

| | |
|---|---|
| **USA Employment Lawyers - Jordan Richards PLLC**<br>805 E. Broward Blvd. Suite 301<br>Fort Lauderdale, Florida 33301<br>Ph: (954) 871-0050<br>*Counsel for Plaintiffs*<br><br>By: */s/ Jordan Richards*<br>JORDAN RICHARDS, ESQUIRE<br>Florida Bar No. 108372<br>MELISSA SCOTT, ESQUIRE<br>Florida Bar No. 1010123<br>*jordan@jordanrichardspllc.com*<br>*livia@jordanrichardspllc.com*<br>*melissa@jordanrichardspllc.com*<br>*jake@jordanrichardspllc.com* | **ROGERS \| TOWERS**<br>1301 Riverplace Blvd.<br>Suite 1500<br>Jacksonville, Florida 32207<br>Ph: (904) 598-3100<br>*Counsel for Defendants*<br><br>By: */s/ Eric J. Holshouser*<br>ERIC J. HOLSHOUSER, ESQUIRE<br>Florida Bar No. 307734<br>*EHolshouser@RTLAW.com* |
| **Eggnatz \| Pascucci**<br>5400 S. University Drive<br>Suite 417<br>Davie, Florida<br>Ph: (954) 889-3359<br>*Counsel for Plaintiffs*<br><br>By: */s/ Joshua H. Eggnatz*<br>JOSHUA H. EGGNATZ, ESQUIRE<br>Florida Bar No. 0067926<br>MICHAEL J. PASCUCCI, ESQUIRE<br>Florida Bar No. 83397 | **BUCHANAN INGERSOLL & ROONEY PC**<br>401 E. Las Olas Blvd.<br>Suite 2250<br>Fort Lauderdale, Florida 33301-4251<br>Ph: (954) 468-2300<br>*Counsel for Defendants*<br><br>By: */s/ Mary Beth Ricke*<br>MARY BETH RICKE, ESQUIRE<br>Florida Bar No. 107213<br>*Marybeth.rick@bipc.com* |

*JEggnatz@JusticeEarned.com*
*MPascucci@JusticeEarned.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 11th of April 2019.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST:

**MARY BETH RICKE, ESQUIRE**
Florida Bar No. 107213
*Marybeth.ricke@bipc.com*
BUCHANAN INGERSOLL & ROOENY PC
401 E. Las Olas Blvd. Suite 2250
Fort Lauderdale, Florida 33301-4251
Tel: (954) 468-2300
*Counsel for Defendants*

**ERIC J. HOLSHOUSER, ESQUIRE**
Florida Bar No. 0307734
*EHolshouser@RTLAW.com*
ROGERS | TOWERS
1301 Riverplace Blvd. Suite 1500
Jacksonville, Florida 32207
Tel: (904) 346-5788
*Counsel for Defendants*